Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000517
17-NOV-2011
10:28 AM

NO. CAAP-11-0000517

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the
ELLEN K. KALAHELE REVOCABLE LIVING TRUST

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 10-1-0141)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Respondent-Appellant Thalia K. White-Ching's (Appellant White-Ching) appeal from the Honorable Derrick H.M. Chan's June 1, 2011 "Judgment on Order Granting Petition of Brian M.C. Pang for Appointment of a Guardian Ad Litem, Determination of Successor Trustee and for Vesting Order for the Ellen K. Kalahele Revocable Living Trust" (hereinafter the June 1, 2011 judgment), because the June 1, 2011 judgment is not appealable pursuant to under Rule 34 of the Hawai'i Probate Rules (HPR) and Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Subsections (a), (b) and (c) of HPR Rule 34 provide the manner by which appeals shall be taken:

RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS

(a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.

(b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.

(c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.

(d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Michie's Hawaii Revised Statues Annotated Court Rules, HPR Rule 34 cmt. (Michie 2010). Therefore, HPR Rule 34 requires conformity with the holding in Jenkins that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve

all claims against all parties or <u>contain the finding necessary for certification under HRCP [Rule] 54(b)</u>." <u>Id.</u> (emphases added). Therefore, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawai'i 14, 21, 122 P.3d 809, 816 (2005) (citation omitted). "[A] party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to <u>a judgment and the [HRCP Rule] 54(b) certification language must be contained therein</u>." <u>Oppenheimer v. AIG Hawaii Ins. Co.</u>, 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphasis added). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339.

The June 1, 2011 judgment does not qualify as an appealable judgment under subsections (a), (b) or (c) of HPR Rule 34. More specifically, although the June 1, 2011 judgment resolves a petition by entering judgment on the April 18, 2011 "Order Granting Petition of Brian M.C. Pang for Appointment of a Guardian Ad Litem, Determination of Successor Trustee and for Vesting Order for the Ellen K. Kalahele Revocable Living Trust" (the April 18, 2011 order), the June 1, 2011 judgment does <u>not</u> finally end and close the entire trust proceeding in T. No. 10-1-0141 pursuant to HPR Rule 34(c). Consequently, the June 1, 2011 judgment is appealable under HPR Rule 34(a) only if the probate court certifies the June 1, 2011 judgment in the manner provided

by HRCP Rule 54(b). Although the April 18, 2011 order contains HRCP Rule 54(b) certification language, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to <u>a judgment and the [HRCP Rule] 54(b) certification language must be contained therein</u>." <u>Oppenheimer v. AIG Hawaii Ins. Co.</u>, 77 Hawai'i at 93, 881 P.2d at 1239 (emphasis added). The June 1, 2011 judgment does not contain the necessary HRCP Rule 54(b) certification language (i.e., that there is no just reason for delay and an express direction for the entry of judgment), as HPR Rule 34(a) requires for a judgment that does not finally end and close a trust proceeding. Therefore, June 1, 2011 judgment is not eligible for appellate review pursuant to HPR Rule 34 and HRS § 641-1. Absent an appealable judgment, this appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-11-0000517. Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 17, 2011.

Chief Judge

Associate Judge

Associate Judge

-4-